NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

BRET MICHAEL CHURCH, *Appellant.*

No. 1 CA-CR 14-0458
FILED 7-7-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-427084-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Bret Michael Church ("Church") has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. Church did not take the opportunity he was given to file a supplemental brief.

### FACTS[1]

¶2        Tempe Police Officer Ramos stopped a white van because it did not have a license plate light sometime after ten o'clock p.m. on December 26, 2012, and requested assistance from another officer. Officer Brooks arrived and saw that Officer Ramos was questioning Bart Church, the driver, outside of the van, while his brother, Bret Church sat in the passenger seat. Both officers noticed that Bart had a large knife in a sheath on his belt, and Officer Ramos took it while questioning Bart.

¶3        Officer Brooks then went to talk with Church. As he approached using his flashlight, he could see construction tools inside and noticed that Church began to fidget and move his hands under the seat. Officer Brooks asked Church to step out of the van and then frisked him for weapons. When patting down Church, Officer Brooks felt a glass pipe in his left pocket. When asked by the officer, Church said, "yes, that's a meth pipe." Officer Brooks then arrested him and retrieved the glass pipe. In his search incident to arrest, Officer Brooks found a small plastic bag containing methamphetamine.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

¶4        Church was charged with possession or use of dangerous drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony.  Before trial, Church moved to suppress evidence arguing that Officer Brooks violated his Fourth Amendment rights because the officer lacked a valid reason to conduct a *Terry*[2] frisk and did not have probable cause to reach into his pocket.

¶5        During the evidentiary hearing on Church's motion, in addition to his other testimony, Officer Brooks stated he thought it was suspicious that the two brothers, two white men, were in a primarily Hispanic neighborhood.  The court then asked for and received supplemental briefs from both parties about the impact of Officer Brooks' racial statements.  Judge Daniel Kiley subsequently denied Church's motion to suppress, finding that while a defendant's race is not a valid factor for a *Terry* frisk, the remaining factors, under an objective standard, justified Officer Brooks' limited frisk of Church.  Judge Kiley also found that Officer Brooks had probable cause to remove the glass pipe from Church's pocket.

¶6        The case proceeded to trial and the jury found Church guilty on both counts.  At the sentencing hearing, the court found that he had four prior historical felony convictions.  Church was sentenced to the minimum term in prison of six years for possession of methamphetamine, with a concurrent two and one-quarter years in prison for possession of drug paraphernalia.  He was also given credit for thirty days of presentence incarceration.

¶7        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

¶8        We have read and considered counsel's brief and have searched the entire record for reversible error.  We have found no reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The record, as presented, reveals that Church was represented by counsel

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).
[3] We cite the current version of the applicable statutes absent changes material to this decision.

at all stages of the proceedings. The State offered him a plea agreement and there were a number of settlement conferences before trial. The trial court ruled on the pretrial motions. The jury heard the evidence, was properly instructed, determined the facts from the testimony and evidence presented, and determined that the State had proved each element of each offense beyond a reasonable doubt. Moreover, the sentences imposed were within the statutory limits.

**¶9**　　　　After this decision is filed, counsel's obligation to represent Church in this appeal has ended. Counsel must only inform Church of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Church may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶10**　　　　Accordingly, we affirm Church's convictions and sentences.

